520 F.2d 1096
 89 L.R.R.M. (BNA) 2970, 77 Lab.Cas. P 11,000
 Claude J. HUSKEY, Appellee,
v.
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, Appellant.
Claude J. HUSKEY, Cross-Appellant,
v.
Leonard WOODCOCK and Emil Mazey, Cross-Appellees.
and
United Automobile, Aerospace and Agricultural Implement
Workers of America,and Local Union No. 25, Cross-Appellees.
 Nos. 74-1341, 74-1377.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1975.
Decided July 17, 1975.
Rehearing and Rehearing En Banc Denied Oct. 1, 1975.
 
 Donald W. Jones, Springfield, Mo., for appellee.
 M. Jay Whitman, Detroit, Mich., for Union and Woodcock.
 Before VAN OOSTERHOUT and JONES*, Senior Circuit Judges, and HENLEY, Circuit Judge.
 VAN OOSTERHOUT, Senior Circuit Judge.
 
 
 1
 These cases are an appeal and a cross-appeal from judgment of the district court[1] entered upon a jury verdict in favor of all defendants on Count I of the plaintiff's complaint but in favor of plaintiff against the defendant United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) on Count II. Filed separately this date is a companion case, Gabauer v. Woodcock, 8 Cir., 520 F.2d 1084 in which a detailed statement of facts pertinent to both cases and a discussion of the applicable law is found.[2]
 
 
 2
 Count I of plaintiff Huskey's complaint alleges violations of §§ 102 and 609 of the Landrum-Griffin Act, 29 U.S.C. §§ 412 and 529, by reason of defendant's alleged infringement of rights guaranteed plaintiff under Title I of the Act, 29 U.S.C. § 411. Count II of the complaint alleges common law libel against the individual defendants Leonard Woodcock, President of the UAW, and Emil Mazey, Secretary-Treasurer of the UAW. The UAW and Local 25 of the UAW were granted intervention as party defendants to both counts. The district court assumed pendent jurisdiction of the libel action in Count II.
 
 
 3
 The jury returned a verdict against plaintiff and in favor of all defendants on Count I of the complaint. On Count II the jury found in favor of Local 25 and the individual defendants but in favor of plaintiff against the UAW. Damages against the UAW were set at $15,000 actual and $100,000 punitive. For the reasons set out in the companion case, Gabauer v. Woodcock, supra, we hold that verdicts should have been directed in favor of all defendants on both counts. Accordingly, we affirm the judgment in favor of all defendants on Count I and reverse the libel judgment against the UAW on Count II.
 
 
 4
 Defendant UAW appeals in No. 74-1341 from the $115,000 judgment entered against it on Count II. In No. 74-1377 plaintiff Huskey has cross-appealed from the judgment entered against him on Count I in favor of all defendants and in favor of Local 25 and the individual defendants on Count II.
 
 
 5
 In No. 74-1341 the UAW contends on appeal that the libel judgment against it on Count II should be reversed because: (1) there was no actionable publication of the letters involved; (2) there was a qualified privilege protecting the allegedly libelous communications; (3) there was no competent evidence of falsity; (4) the discharge of the individual defendants Woodcock and Mazey automatically discharges their principal; and (5) the $115,000 verdict was the result of passion and prejudice.
 
 In No. 74-1377 Huskey contends:
 
 6
 (1) The trial court erred in refusing plaintiff's motion for judgment notwithstanding the verdict, or, alternatively, in refusing plaintiff a new trial as to all defendants on Count I because:
 
 
 7
 (a) plaintiff was denied due process as a matter of law,
 
 
 8
 (b) erroneous instructions were given and proper requested instructions were denied, and
 
 
 9
 (c) the court ruled erroneously on certain evidentiary questions.
 
 
 10
 (2) judgment should be entered against the individual defendants and Local 25 on Count II as a matter of law because the trial court erred in refusing to instruct the jury on the liability of Local 25 and the individual defendants.
 
 
 11
 Our review of the record, including the transcript of evidence presented at the trial, convinces us that plaintiff failed to present a submissible case on Count I of the complaint. A verdict should have been directed pursuant to defendants' motion at the close of plaintiff's evidence in favor of all defendants. The finding of the jury in favor of the defendants supports our view on Count I. See the companion case, Gabauer v. Woodcock,supra, for a discussion of the facts and applicable law.
 
 
 12
 We reverse the judgment against the UAW entered on Count II of the complaint. For the reasons stated in Gabauer v. Woodcock, supra, we find that a verdict should have been directed in favor of all defendants on Count II at the close of the plaintiff's evidence.
 
 
 13
 Because of our view that verdicts should have been directed on both counts of plaintiff's complaint at the close of the evidence, we find it unnecessary to consider other assignments of error made by plaintiff Huskey.
 
 
 14
 Plaintiff's appeal, No. 74-1377, is affirmed. The judgment entered in No. 74-1341 on Count II of the complaint is reversed.
 
 
 
 *
 The Honorable Warren L. Jones, Senior U. S. Circuit Judge, sitting by designation
 
 
 [1]
 The Honorable H. Kenneth Wangelin, District Judge, Eastern District of Missouri
 
 
 [2]
 Huskey's complaint is identical to that of the plaintiff in the companion case, Gabauer v. Woodcock. The facts upon which both plaintiffs seek relief are substantially the same. The two cases were argued together at oral argument. The attorneys in each case are the same